AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br>DANIEL LOPEZ, III, a/k/a "Danny Boy" | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.  15-2423M |
|---|---|

Complaint for violation of Title 18, United States Code, Section 922(g)(1)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE KAREN L. STEVENSON | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>August 14, 2015 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[18 U.S.C. § 922(g)(1)]

See attached

LODGED

2015 DEC 21 PM 2: 10
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT

DEC 21 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>**Travis Gibb**  /S/<br><br>OFFICIAL TITLE<br>Special Agent – ATF |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[1]<br><br>**KAREN L. STEVENSON** | DATE<br>December 21, 2015 |
|---|---|

[1] See Federal Rules of Criminal Procedure 3 and 54

AUSA Greg Scally x2624 REC: Detention

[18 U.S.C. § 922(g)(1)]

On August 14, 2015, in Los Angeles County, within the Central District of California, defendant DANIEL LOPEZ, III ("LOPEZ") knowingly possessed a firearm, namely, a Smith and Wesson model 39-2, 9 millimeter semi-automatic handgun bearing serial number A191426, and ammunition, namely, three rounds of Remington ammunition and four rounds of Winchester ammunition, in and affecting interstate commerce.

Such possession occurred after defendant LOPEZ had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health & Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, case number BA380314, on or about July 20, 2011;

(2) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Central District of California, case number CR 2:07-856-RGK, on or about October 5, 2007;

(3) Receiving Stolen Property, in violation of California Penal Code § 496D(a), and Felon in Possession of a Firearm, in violation of California Penal Code § 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, in case number BA296527, on or about April 6, 2006;

(4) Grand Theft Auto, in violation of California Penal Code § 487(d)(1), in the Superior Court of the State of California, County of Los Angeles, in case number MA028789, on or about May 18, 2004;

Domestic Violence Willful Infliction of Corporal Injury in violation of California Penal Code § 273.5(a), in the Superior Court of the State of California, County of Los Angeles, in case number LA034167, on or about November 19, 1999.

## AFFIDAVIT

I, Travis Gibb, being duly sworn, depose and state:

### I.   INTRODUCTION

1.    I am employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, as a Special Agent ("SA").  I have been employed in this capacity since 2014.  I am currently assigned to the ATF Los Angeles Field Division and am charged with investigating violations of federal arson, explosives and firearms laws and regulations.  I regularly refer to these laws and regulations during the course of my official duties.  I am a graduate of the Criminal Investigator Training Program instructed at the Federal Law Enforcement Training Center ("FLETC") and have completed specialized training at the ATF National Academy in the fields of arson, explosives and firearms.  Prior to being an ATF Special Agent, I was employed by Customs and Border Protection ("CBP") as a Border Patrol Agent for approximately two years. In that time, I graduated from the Border Patrol Academy at the FLETC, where I had extensive training in narcotics and human smuggling techniques and routes, fraudulent documents, and immigration law.  Prior to being in law enforcement, I graduated from Humboldt State University where I received a Bachelor's of Science degree in Business Administration.  During my employment with ATF, I have participated in several investigations involving individuals illegally possessing and/or trafficking firearms.  I have also participated in several investigations involving the unlawful transportation, possession, and

distribution of controlled substances, including crack cocaine, methamphetamine and marijuana.  Furthermore, I have participated in investigations involving street gangs engaged in the aforementioned criminal activities.

## II. PURPOSE OF AFFIDAVIT

2.    This affidavit is made in support of a criminal complaint and arrest warrant charging DANIEL LOPEZ III ("LOPEZ") with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition.

3.    Because this affidavit is being submitted for the limited purpose of securing the requested criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause for the requested criminal complaint and arrest warrant.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part.  This affidavit is based upon my investigation, and my review of reports and other information from other law enforcement officers familiar with this investigation.

## III. STATEMENT OF PROBABLE CAUSE

A.    Arrest of LOPEZ

4.    On December 9, 2015, I reviewed a copy of a Los Angeles County Sheriff's Department ("LASD") arrest report (URN #015-06261-1514-151) related to the August 14, 2015 arrest of LOPEZ.  After reviewing the aforementioned report and circumstances surrounding the arrest, I learned the following:

2

a.   On August 14, 2015, at approximately 12:05 a.m., while driving a marked black and white police vehicle, LASD Officer Leonardo Avendano, while traveling eastbound on Verner Avenue in Pico Rivera, California, within the Central District of California, observed LOPEZ walking westbound along the south sidewalk holding an open brown glass bottle of the alcoholic beverage "Budweiser."

b.   Officer Avendano then stopped his patrol vehicle, exited and approached LOPEZ to warn/cite him on the violation. As Officer Avendano approached LOPEZ, LOPEZ became very aggravated and asked "why are you stopping me?" Officer Avendano advised LOPEZ that he was being detained for being in possession of an open container in a public place.  LOPEZ then conducted a 180 degree turn, threw the open alcoholic beverage container on the ground and proceeded to run eastbound on Verner Avenue, then southbound on Rosemead Boulevard.  Officer Avendano observed that as LOPEZ ran, LOPEZ was grabbing at the front side of his waistband area with both hands.

c.   Officer Avendano returned to his police vehicle and advised LASD Pico Rivera deputies of the fleeing suspect. Officer Avendano drove eastbound on Verner Avenue and then made a left turn southbound on Rosemead Boulevard.  Officer Avendano, while conducting the left turn onto Rosemead Boulevard, observed LOPEZ make a throwing motion with his left arm.  At this point, Officer Avendano observed a black semi-automatic handgun released from LOPEZ's left hand and into a raised planter that was located in front of the north entrance of 5132 Rosemead

3

Boulevard. The entrance was illuminated by a bright entrance door light and various street lights. LOPEZ then continued to run for a few more feet and stopped, at which point he was detained by Officer Avendano without further incident.

d.    Officer Avendano, without losing sight of where the black semi-automatic handgun was thrown, proceeded to the area of the firearm. At this point, Officer Avendano recovered a black Smith & Wesson, model 39-2, 9 millimeter ("mm") semi-automatic handgun bearing serial number A191426.

e.    Officer Avendano then rendered the firearm safe and removed eight (8) 9mm rounds from inside the magazine which was inserted into the well of the firearm.

f.    Officer Avendano advised LOPEZ of his Miranda rights. LOPEZ then advised Officer Avendano that he is an active participant of the of the criminal street gang "El Sereno," based out of Los Angeles, and that he goes by the moniker "Danny Boy." LOPEZ advised that he had just been released from federal prison and did not want to return to jail.  Lopez also advised Officer Avendano that he left his vehicle parked on Verner Avenue with the windows rolled down and the keys in the ignition.  LOPEZ asked Officer Avendano if he would secure the vehicle and retrieve the keys for him.  LOPEZ described his vehicle as a "white Chevy truck."

g.    Officer Avendano then proceeded to Verner Avenue and located a white Chevrolet truck bearing California license plate 7E41814.  Officer Avendano conducted a records check of the vehicle and determined the vehicle was registered to LOPEZ.

4

Officer Avendano entered the vehicle to retrieve the keys, close the window and secure the vehicle for LOPEZ.  While Officer Avendano was inside the vehicle, he observed a brown gun case inside an open backpack located on the passenger side seat.  Due to Officer Avendano believing there was another firearm inside the case, he retrieved it.  Upon further inspection, Officer Avendano opened the case and observed approximately thirty-seven (37) live rounds of various calibers inside.

5.    On December 9, 2015, I conducted a computer query/records check in the Automated Firearms System (AFS) to determine whether the firearm that LOPEZ threw was registered to him or anyone else.  The computer query/records check revealed that the firearm was purchased by Daniel Lopez Jr. of 3437 Warwick Avenue, Los Angeles, California 90032 on September 5, 1973.

B.    Criminal History of LOPEZ

6.    On December 9, 2015, I reviewed the automated criminal history information ("rap sheet") for LOPEZ.  From this information I know that LOPEZ has been convicted of the following felony offenses, each punishable by a term of imprisonment exceeding one year:

a.    Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health and Safety Code § 11370.1 (A), in the Superior Court of California, County of Los Angeles, in case number BA380314, on or about July 20, 2011.

     b.    Felon in Possession of a Firearm, in violation of Title 18 United States Code § 922(g)(1), in the United States District Court for the Central District of California, case number CR 2:07-856-RGK, on or about October 5, 2007.

     c.    Receiving Stolen Property, in violation of California Penal Code § 496D(A), and Felon in Possession of a Firearm, in violation of California Penal Code § 12021(A)(1), in the Superior Court of the State of California, County of Los Angeles, in case number BA296527, on or about April 6, 2006.

     d.    Grand Theft Auto in violation of California Penal Code § 487(d)(1), in the Superior Court of California, County of Los Angeles, in case number MA028789, on or about May 18, 2004.

     e.    Domestic Violence Willful Infliction of Corporal Injury in violation of California Penal Code § 273.5(a), in the Superior Court of the State of California, County of Los Angeles, in case number LA034167, on or about November 19, 1999.

    C.    **Interstate Nexus**

    7.    On December 18, 2015, I spoke to ATF Firearms and Ammunition Interstate Nexus Expert Special Agent Alexander Liwienski regarding the firearms and ammunition recovered.  SA Liwienski stated that, based on his training and experience, the Smith & Wesson firearm was manufactured in Springfield, Massachusetts and had to have traveled in interstate commerce to be recovered in California.  The ammunition from the magazine inside the firearm included three 9mm rounds manufactured by Remington in either Bridgeport, Connecticut or Lonoke, Arkansas, and had to have traveled in interstate commerce to be recovered

in California.  The ammunition from the case recovered in the
vehicle included four 9mm rounds manufactured by Winchester in
East Alton, Illinois, and had to have traveled in interstate
commerce to be recovered in California.

### IV. CONCLUSION

8.    Based on the aforementioned facts, and my training,
experience, and knowledge of this investigation, there is
probable cause to believe that LOPEZ, who had previously been
convicted of a felony offense punishable by a term of
imprisonment exceeding one year, possessed a firearm and
ammunition that had traveled in interstate and/or foreign
commerce, in violation of Title 18, United States Code, Section
922(g)(1), Felon in Possession of a Firearm and Ammunition.

/s/
_____
TRAVIS GIBB, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed to and sworn before me
this 21st day of December, 2015.

KAREN L. STEVENSON
_____
HONORABLE KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE