

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL LOPEZ III,<br><br>Defendant. | Case No. 2:16-CR-00048-PA<br>**ORDER OF DETENTION**<br>[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)] |

    On March 11, 2022, Defendant Daniel Lopez III made his initial appearance on the petition for revocation of supervised release and warrant for arrest issued on February 22, 2022. Deputy Federal Public Defender Chad Pennington was appointed to represent Defendant. A detention hearing was held.

    Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a), following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ Defendant has an extensive and recent history of substance abuse, and the allegations in this matter are that (a) having been ordered to refrain from use of any controlled substances, on or before December 16, 2021, Defendant submitted a urine specimen that tested positive for methamphetamine, amphetamine and TCH metabolite, and (b) on January 18, 2022, he failed to report for intake at an outpatient substance abuse treatment and counseling program as required.

☒ The United States Probation Office also alleges that having been ordered by the Court to report to the Probation Officer any change in residence or employment within 10 days, on or about February 3, 2022, Defendant changed his residence and failed to notify the Probation Officer.

☒ Defendant has an extensive criminal history, as set forth below. His repeated inability to comply with the law is one factor showing a substantial risk that he will not appear in court as required.

☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ Defendant has an extensive criminal history, including several convictions involving firearms. He has sustained (a) the February 2017 conviction for felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) in this case; (b) a June 2016 conviction for felon in possession of a firearm in violation of California Penal Code § 29800(A)(1); (c) a July 2011 conviction for possession of a controlled substance while armed in

violation of California Health and Safety Code § 11370.1(A); (d) a January 2008 conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in this district; (e) April 2006 convictions for receiving a stolen vehicle and felon in possession of a firearm in violation of the California Penal Code; (f) a May 2004 conviction for grand theft auto in violation of the California Penal Code; and (g) a November 1999 conviction for corporal injury to spouse in violation of the California Penal Code.

☒ The Affidavit in support of the Criminal Complaint in Case No. 2:22-mj-01002 filed on March 10, 2022, alleges that in January 2022, Defendant pointed a gun at his sister with his finger on the trigger and said he was going to shoot her.

☒ The Affidavit in support of the Criminal Complaint in Case No. 2:22-mj-01002 also alleges that when Defendant was arrested, he possessed a firearm loaded with .380 caliber ammunition and a backpack containing a baggie with nine rounds of .380 ammunition. He is also alleged to have possessed 4.25 grams of suspected methamphetamine and a pipe in his pocket.

☒ Defendant has an extensive and recent history of substance abuse, as set forth above.

It is therefore ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: March 14, 2022

PATRICIA DONAHUE

---
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

3